AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means    ☐ Original



CLERK'S OFFICE
A TRUE COPY
Jul 06, 2022
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )
the Location of cellular telephone assigned call number 414-946-2211 (TARGET PHONE), as further described in Attachment A  )

Case No. **22-M-461 (SCD)**

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before  7-20-22  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Hon. Stephen C. Dries  .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  10  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 7-6-22 6:10 pm

*Judge's signature*

City and state: Milwuakee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                  _____
                                  *Executing officer's signature*

                                  _____
                                  *Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular devices assigned call numbers 414-946-2211 (referred to herein and in Attachment B as the "**Target Phone**"), whose wireless provider is T-Mobile, ("Service Provider") a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

1

# ATTACHMENT B

## Particular Things to be Seized

Pursuant to an investigation to locate the material witness JV-1 for the purpose of executing a material witness warrant, pursuant to Title 18, United States Code, Section 3144, and to secure her presence at trial, this Warrant authorizes law enforcement to determine the location of the **Target Phone** identified in Attachment A by collecting and examining:

1. radio signals emitted by the **Target Phone** for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the **Target Phone** in response to radio signals sent to the cellular devices by law enforcement;

for a period of ten days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Jul 06, 2022
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the Location of cellular telephone assigned call number 414-946-2211 (TARGET PHONE), as further described in Attachment A

Case No. **22-M-461 (SCD)**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3144 | Detention of a material witness. |

The application is based on these facts:
See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __10__ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

FBI SA Shane Hoffman
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: 7-6-22

_____
Judge's signature

City and state: Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Shane Hoffman, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ electronic investigative techniques, which are described in Attachment B, to determine the location of the **Target Phone** assigned dialed number 414-946-2211**,** ("**Target Phone**"), which is described in Attachment A.

2. I am employed as a Special Agent with the Federal Bureau of Investigation (FBI). As part of my duties as an FBI Special Agent, I am assigned to investigate violations of federal criminal law. In this capacity, I have investigated violations of the sex trafficking statutes by Jovante L. Champion.

3. The facts contained in this affidavit are known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who have provided information to me during the course of their official duties and whom I consider to be truthful and reliable. Some of the information was provided in response to administrative subpoenas and search warrants, and I believe that this information is also reliable.

4. I have included here only the information necessary to establish probable cause. There are additional facts and information I have learned through my investigation that are not included herein.

5. One purpose of applying for this warrant is to determine with precision the locations of the **Target Phone**. However, there is reason to believe the **Target Phone** is currently located

1

in this district. Various investigative techniques have been employed during the course of this investigation to locate the material witness JV-1, some of which are detailed in later paragraphs. Evidence generated in this way suggests that JV-1, the primary user of the **Target Phone,** spends most of her time in the Eastern District of Wisconsin and uses the device locally. Pursuant to Rule 41(b)(2), law enforcement may locate the **Target Phone** outside the district provided the device is within the district when the warrant is issued.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that JV-1 is using the **Target Phone**. I know from training and experience that cell phone users normally have their cell phones with them, so it is reasonable to believe that locating a user's cell phone will show that user's location. There is also probable cause to believe that locating the **Target Phone** will assist case agents in locating JV-1 for the purpose of executing a material witness warrant, pursuant to Title 18 United States Code Sections 3144, to secure her presence at trial.

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. *See* 18 U.S.C. §§ 3121-3127. On June 30, 2022, the Honorable William E. Duffin previously granted an order authorizing the installation and use of pen register and trap and trace device on the **Target Phone**.

### PROBABLE CAUSE

A. **The Indictment**

8. On March 9, 2021, a grand jury sitting in the Eastern District of Wisconsin returned a four-count indictment charging Jovante Champion with one count of sex trafficking by force,

2

fraud, or coercion in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1); one count of interstate transportation for prostitution, in violation of Title 18, United States Code, Section 2421(a); one count of sex trafficking of a child and by force, fraud, or coercion, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(1), (b)(2), and (c); and one count of transportation of a minor with intent to engage in criminal sexual activity in violation of Title 18, United States Code, Section 2423(a).

9. A jury trial on these charges is scheduled to begin on July 11, 2022.

**B.    JV-1**

10. In short, the United States charges that the defendant used his status in a Milwaukee gang known as "Everything Business" (hereinafter "ETB"), which is affiliated with the Chicago-based gang known as the Black P. Stone Nation (hereinafter "BPSN"), to recruit AV-1 (a 20-year-old woman) and JV-1 (a 16-year-old girl) to engage in commercial sex acts for his profit in Chicago, Nashville, Dallas, and San Antonio during the summer of 2019. The defendant transported the victims from state to state on Amtrak trains and Greyhound buses, variously posting online advertisements for them or requiring them to walk the "track," that is, to solicit customers for commercial sex dates by walking in an area known for the solicitation of prostitution. When the victims told the defendant that they did not want to perform commercial sex dates, violated any of the defendant's rules, or complained about his treatment of them, the defendant used manipulation, threats, and physical violence to compel them to comply.

11. Counts Three of the Indictment charges Champion with sex trafficking JV-1 both as a child and by force, fraud, and coercion. Count Four charges Champion with interstate transportation of JV-1, a minor, for the purposes of engaging in prostitution.

3

12. JV-1 provided information to federal agents, including myself, that Champion repeatedly solicited her to engage in prostitution in May and June 2019. When she eventually acquiesced, he transported her by bus to Chicago, Illinois; Nashville, Tennessee; and Dallas, Texas for this purpose. JV-1 also told law enforcement that during the recruitment phase, Champion enticed her by offering to split the money that she earned from prostitution with her and to take care of her needs while traveling. Once she went on the road with him, however, he required that she give him everything.

13. JV-1 also stated that Champion became aggressive and threatening toward her when, after the first few days, she decided she did not want to do prostitution dates. She described an incident in which Champion struck her in the head for refusing to do prostitution dates. She also described another incident during which Champion became angry with her for trying to keep money, and he pushed her and threw away an inhaler she used to manage her asthma.

14. JV-1 further stated she witnessed Champion forcing AV-1 to engage in commercial sex acts for his profit in Nashville and Dallas. JV-1 stated that AV-1 disrespected Champion's fellow gang member and was provided a choice between being beaten up or traveling with Champion to engage in commercial sex acts. JV-1 also witnessed Champion use violence against AV-1.

15. The government has been able to corroborate JV-1's statements, including with extensive and unambiguous Facebook and text messages, photos, videos, prostitution ads, travel records, and other subpoenaed documents.

16. As a result of these events and charges, JV-1 is a material witness for the trial against Champion. On June 30, 2022, the Honorable J.P. Stadtmueller issued a material witness warrant to secure JV-1's presence. Despite the best efforts of multiple law enforcement agents,

the current whereabouts of JV-1 are unknown, and she has repeatedly told case agents that she will not attend the trial despite being served with a trial testimony subpoena.

17. I have known JV-1 to use the **Target Phone** since May 2022. As recently as June 28, 2022, I spoke with JV-1 at that number, and JV-1 also exchanged text messages with another case agent on the same date using the **Target Phone**.

18. T-Mobile USA, Inc is the carrier for the **Target Phone**.

19. On June 30, 2022, the Honorable William E. Duffin signed a warrant authorizing law enforcement to review electronic location data associated with the **Target Phone.** Case agents have been monitoring this same electronic surveillance data; however, the radius of the electric surveillance data is imprecise. Many of the data points thus far provide a two-mile radius in which the **Target Phone** may be located. Further complicating matters, JV-1 in known to frequent multiple locations within the two-mile data points.

## SUMMARY OF INVESTIGATION

20. Based on the information above, I submit that probable cause exists to believe that violations of Title 18, United States Code, Section 1591(a), 2421(a), and 2423(a) have been committed by Jovante L. Champion. I further submit that probable cause exists to believe that obtaining the location information of **414-946-2211** (**Target Phone**) will assist case agents in determining JV-1's location and serving her with the material witness warrant to secure her appearance to give testimony at Champion's trial.

## MANNER OF EXECUTION

21. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that

route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

22. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the **Target Phone** or receiving signals from nearby cellular devices, including the **Target Phone**. Such a device may function in some respects like a cellular tower, except that it will not be connected to a cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the **Target Phone** and thereby prompt them to send signals that include the unique identifiers of the devices. Law enforcement may monitor the signals broadcast by the **Target Phone** and use that information to determine the respective locations of the **Target Phone**, even if they are located inside a house, apartment, or other building.

23. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the **Target Phone**, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the **Target Phone**, and law enforcement will limit collection of information from devices other than the **Target Phone**. To the extent that any information from a cellular device other than the **Target Phone** is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the **Target Phone** from all other cellular devices.

6

## AUTHORIZATION REQUEST

24. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

25. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or users of the **Target Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give such persons an opportunity to destroy evidence, change patterns of behavior, notify confederates, or flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

26. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Phone** outside of daytime hours.

27. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss efforts to secure the appearance of an unwilling witness who is the subject of a material witness warrant, which is neither public nor known to the defendant in the related upcoming trial. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

7

28. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

8

# ATTACHMENT A

## Property to Be Searched

1.  This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular devices assigned call numbers 414-946-2211 (referred to herein and in Attachment B as the "**Target Phone**"), whose wireless provider is T-Mobile, ("Service Provider") a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

## ATTACHMENT B

### Particular Things to be Seized

Pursuant to an investigation to locate the material witness JV-1 for the purpose of executing a material witness warrant, pursuant to Title 18, United States Code, Section 3144, and to secure her presence at trial, this Warrant authorizes law enforcement to determine the location of the **Target Phone** identified in Attachment A by collecting and examining:

1. radio signals emitted by the **Target Phone** for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the **Target Phone** in response to radio signals sent to the cellular devices by law enforcement;

for a period of ten days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).